UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:25-cv-02914-SSS-DTBx | Date | January 6, 2026 |
|---|---|---|---|
| Title | *Cesar Velazquez-Ortega v. General Motors LLC et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND [DKT. NO. 17]**

Before the Court is Plaintiff's Motion to Remand Case to California State Court filed on December 2, 2025. [Dkt. No. 17, "Motion"]. Defendants submitted an Opposition on December 9, 2025. [Dkt. No. 18, "Opposition" or "Opp."]. The Court **DENIES** the Motion.

**I.   FACTUAL AND LEGAL BACKGROUND**

Defendant General Motors LLC ("GM") is Delaware corporation conducting business in California. [Dkt. No. 1-1 at 3, "Complaint"]. Throughout the relevant times, GM designed, manufactured, assembled, produced, marketed, distributed, and sold motor vehicles and motor vehicle components in California. [*Id.*].

Around November 22, 2021. Plaintiff Cesar Velazquez-Ortega purchased a 2021 Chevrolet Silverado 1500 ("the Vehicle") manufactured or distributed by GM. [Complaint at 3–4]. The Complaint alleges that Plaintiff received express written warranties at the time of purchase, in which GM would "preserve or maintain the utility or performance of [the Vehicle]" or would "provide

compensation if there is a failure in utility or performance for a specified period of time." [*Id.*].

After purchase, Plaintiff alleges that the Vehicle manifested transmission system defects that impaired its use, value, and safety to Plaintiff. [Complaint at 4]. Because the defects were covered by the Defendant's warranties, Plaintiff took the Vehicle to Defendant for diagnosis and repair. [*Id.*]. The Complaint alleges Defendant and/or its authorized service and repair facilities "failed to service or repair [the Vehicle] to conform to the applicable express warranties" despite a reasonable number of opportunities to do so. [*Id.*]. Defendant neither replaced the Vehicle or made restitution to Plaintiff pursuant to California law. [*Id.*].

On September 25, 2025, Plaintiff filed the underlying suit against Defendant in the San Bernardino County Superior Court, bringing claims arising under the Song-Beverly Consumer Warranty Act ("Song-Beverly Act"). [*See generally* Complaint].

Defendant GM removed the suit to federal court on October 31, 2025, on the basis of diversity jurisdiction. [*See* Dkt. No. 1, "Notice of Removal"]. In the Notice of Removal, Defendant contends that complete diversity of citizenship exists, and that the amount in controversy exceeds the jurisdictional amount of $75,000. [Notice of Removal at 3–6].

Plaintiff now seeks to remand the case back to the San Bernardino County Superior Court, challenging whether the amount in controversy meets the jurisdictional threshold. [*See generally* Motion]. GM maintains that Plaintiff's actual damages, civil penalties, and attorneys' fees satisfy the amount in controversy required to remain in federal court, and thus that the Court should deny the Motion. [*See* Opp. at 10–16].

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, federal courts can only hear cases if "there is a valid basis for federal jurisdiction." *Ayala v. Am. Airlines, Inc.*, No. 2:23-cv-03571, 2023 WL 6534199, at *1 (C.D. Cal. Oct. 6, 2023) (citing *Richardson v. United States*, 943 F.2d 1107, 1112 (9th Cir. 1991)).

A defendant may remove the case to federal court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a). If a plaintiff contests the removability of an action, the burden is on the removing party to show by a preponderance of the evidence that the requirements for removal were met.

*See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Under 28 U.S.C. § 1332, a district court has original jurisdiction over a civil action where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) the dispute is between 'citizens of different States.'" *Jimenez v. General Motors*, LLC, No. 2:23-cv-06991, 2023 WL 6795274, at *2 (C.D. Cal. Oct. 13, 2023).

If there is any doubt as to the right to removal, a court must remand the action to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (stating "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance"); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (citing *Gaus*, 980 F.2d at 566).

### III. DISCUSSION

The sole dispute between the parties in Plaintiff's Motion to Remand is whether the amount-in-controversy requirement is met for diversity jurisdiction. [*See* Motion at 9–20; Opp. at 10–16].

Where, as here, a complaint does not demand a specific sum, "the notice of removal may assert the amount in controversy." [*See* Complaint; Notice of Removal at 3]. 28 U.S.C. § 1446(c)(2)(A); *see Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (stating that where "the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds $[75],000" (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997))). The "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

Where the plaintiff contests the amount alleged in the notice of removal, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart*, 135 S. Ct. at 551 (citing 28 U.S.C. § 1446(c)(2)(B)).

Plaintiff seeks to recover actual damages, restitution, civil penalties, and any other consequential or incidental damages associated with Defendant's alleged

conduct. [Complaint at 7]. The Complaint also requests "costs and expenses of the suit, and for Plaintiff's reasonable attorneys' fees." [*Id.*].

Defendant alleges in the Notice of Removal that the potential damages Plaintiff may recover in this Action is at least $75,000. [Notice of Removal at 3–6]. Included in this figure are the following estimates made by Defendant for: (1) the estimated purchase price for the Vehicle; (2) potential deductions required by statute; and (3) civil penalties exceeding $75,000. [*See id.* at 5–6]. This amount does not account for the potential amount of Plaintiff's attorney's fees.

Nevertheless, the Motion argues that Defendant has not provided evidence establishing by a preponderance that the amount in controversy exceeds $75,000. [Motion at 11]. Plaintiff suggests that Defendant provides no evidence of actual damages or civil penalties under the Song-Beverly Act, resulting in its failure to meet the burden of proving the jurisdictional amount in controversy. [*Id.* at 12].

Upon reviewing the cases and the pleadings, the Court concludes that GM has met its burden of proving the amount-in-controversy requirement.

### A.     Actual Damages

Actual damages under the Song-Beverly Act are "equal to the actual price paid or payable by the buyer," minus the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)-(C).

Under the Song-Beverly Act, actual damages should be reduced by additional statutorily provided offsets, including: (1) the amount "paid or payable for optional equipment, service contracts, or GAP financing purchased by the plaintiff ... from third parties, except for optional purchases for dealer-supplied equipment or services;" (2) "negative equity incorporated in the transaction from prior vehicles;" (3) "[n]oncash credits provided by the manufacturer as a form of down-payment assistance, typically referred to as a manufacturer's rebate;" and (4) "unpaid interest or unpaid financing costs associated with the retail installment sales contract that will not be owed or paid by the consumer when the lien is paid off." *Perez v. Gen. Motors LLC*, 2025 WL 3171905, at *2 (C.D. Cal.); Cal. Civ. Code § 871.27(b)–(d), (f); *see also id.* § 871.20 (indicating that § 871.27 applies to Song-Beverly claims).

Here, Defendant estimates the purchase price of the Subject Vehicle to be $81,430.16. [Notice of Removal at 5]. Furthermore, Defendant estimates the total deductions associated with milage offsets, third-party service contracts, rebates, and negative equity to be $14,364.58. [*Id.*]. Taking these inputs, Defendant

contends that a "plausible estimate of actual damages" would amount to $67,065.58.

Defendant's Opposition to the Motion further contains an attorney declaration that provides support for those figures by referencing the Purchase Agreement for the Vehicle as well as Defendant's records regarding the Vehicle's Repairs. [Opp. at 11; *see also* Dkt. No. 18-1 at 2; Dkt. Nos. 18-2, 18-3]. Therefore, Plaintiff's argument that Defendant failed to present "specific facts regarding [the Vehicle's] sales agreement and actual use" has been rebutted with evidence. [*See Motion* at 13].

Thus, Defendant has set forth evidence that the actual damages at issue is at least $67,065.58. Because this does not independently satisfy the jurisdictional minimum, the Court considers the next category of relief sought by Plaintiff: civil penalties.

### B.   Civil Penalties

Under the Song-Beverly Act, damages may include a civil penalty "which shall not exceed two times the amount of actual damages." Cal. Civil. Code § 1794(c). Civil penalties are only available under certain circumstances when either: (1) the defendant's violation was willful, or (2) the violation concerns a new vehicle under Cal Civ. Code § 1793.2(d)(2), and the manufacturer or representative defendant failed to maintain a qualified third-party dispute resolution process. Cal Civ. Code §§ 1794(c), 1794(e).

District courts are spilt on whether civil penalties should be included in the amount in controversy when a plaintiff's allegations of willful infringement are conclusory. *See Ferguson v. KIA Motors Am. Inc.*, 2021 WL 1997550, at *3 (E.D. Cal.) ("[d]istrict courts in the Ninth Circuit are split on whether to include Song-Beverly Act civil penalties in calculations to assess the amount in controversy"); *see also Castillo v. FCA USA, LLC*, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019) (remanding where defendant failed to provide any specific argument or evidence for including a civil penalty in the amount in controversy); *Pennon v. Subaru of Am., Inc.*, 2022 WL 2208578, at *2 (C.D. Cal. June 17, 2022) ( "The civil penalty under California Civil Code § 1794(c) cannot simply be assumed."); *Lopez v. Kia Am., Inc.*, 693 F. Supp. 3d 1063, 1068 (C.D. Cal. 2023) ("District courts regularly find plaintiffs' boilerplate allegations regarding defendants' willfulness are, without more, insufficient to establish that civil penalties of two times actual damages are not speculative and should be included in the amount in controversy."); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009

(N.D. Cal. 2002) ("There is good reason to include the Song-Beverly Act's civil penalty of up to two times the amount of actual damages in the amount in controversy."); *Luna v. BMW of N. Am., LLC*, 2018 WL 2328365, at *4 (S.D. Cal.) (including the maximum civil penalty in the amount in controversy); *Lee v. FCA US, LLC*, 2016 WL 11516754, at *2 (C.D. Cal.) (same).

Here, Defendant argues that "Plaintiff has done more than merely state that he is seeking civil penalties," he "specifically alleges willfulness." [Opp. at 15]. Defendant also observes that Plaintiff presented the Subject Vehicle for repair at least eight times. [*Id.*]. Notably, Plaintiff does not dispute that he seeks civil penalties of two times the actual damages. [Motion at 14–17]. Rather, Plaintiff argues that Defendant's estimates of actual damages is speculative, and that the amount of potential civil penalties is also speculative and conclusory. [*Id.* at 18].

As discussed above, Defendant presents evidence of actual damages in controversy based on the Purchase Agreement, its review of Plaintiff's repair history and a calculation of statutory offsets. Because Defendant has demonstrated $67,065.58 in actual damages in controversy, the amount in controversy after accounting for civil penalties totals $128,833.01. Defendant has therefore demonstrated by a preponderance of the evidence that the amount in controversy is met for this Court to exercise jurisdiction over this matter.[1]

## IV.  CONCLUSION

Because Defendant has met its burden to establish the jurisdictional minimum in this action, the Court finds diversity jurisdiction exists over this case. 28 U.S.C. § 1332(a). Thus, the Court finds removal was proper under 28 U.S.C. § 1441(a) and **DENIES** Plaintiff's Motion. [Dkt. No. 17]. The hearing scheduled on January 9, 2026 is **VACATED**.

**IT IS SO ORDERED.**

---

[1] Because Defendant's measure of actual damages and civil penalties exceeds the jurisdictional minimum, there is no need to discuss attorneys' fees.